UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

KENDLE MARDIS,                 )
                               )
        Petitioner,            )        Civil No. 6:21-207-HRW
                               )
v.                             )
                               )
WARDEN AT FCI MANCHESTER,      )        **MEMORANDUM**
                               )        **OPINION AND ORDER**
        Respondent.            )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kendle Mardis is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Mardis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [*See* D. E. No. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Mardis's petition.

In 2015, Mardis pled guilty to conspiracy to possess with the intent to distribute and to distribute controlled substances, including 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. *See United States v. Mardis*, No. 1:14-cr-068 at D. E. No. 219 (S.D. Ind. 2015). Mardis stipulated in his plea agreement that he was a career offender within the meaning of United States Sentencing Guidelines § 4B1.1.

1

*See id.* at D. E. No. 219 at 4.  The trial court agreed that Mardis was a career offender pursuant to § 4B1.1 because he had multiple prior felony convictions—two for controlled substance offenses and one for a crime of violence.  *See id.* at D. E. No. 333 at 3 (later explaining the various guidelines-related calculations).  Ultimately, the trial court determined that Mardis's advisory guidelines range was 151 to 188 months in prison.  *See id.*  That said, the trial court actually sentenced Mardis to a below-guidelines sentence of 137 months in prison.  *See id.* at D. E. No. 277. Mardis's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.  *See id.* at D. E. No. 333.

Mardis has now filed a § 2241 petition with this Court.  [D. E. No. 1]. Mardis's petition is difficult to follow, but, as best as the Court can tell, he is arguing that his prior convictions are no longer valid predicate offenses for purposes of the career-offender enhancement under the advisory sentencing guidelines.  [*See* D. E. No. 1-2].  To support his petition, Mardis primarily relies on the United States Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), as well as multiple federal circuit court decisions.  [*See id.* at 2-10].  In the end, Mardis suggests that this Court should vacate his sentence.  [*See id.* at 10].

As an initial matter, Mardis waived his right to collaterally attack his underlying sentence.  Indeed, Mardis specifically said in his plea agreement that he "expressly agrees not to contest his conviction or sentence or seek to modify his

2

sentence or the manner in which it was determined in *any* type of proceeding, including, *but not limited to*, an action brought under 28 U.S.C. 2255." *United States v. Mardis*, No. 1:14-cr-068 at D. E. No. 219 at 3 (S.D. Ind. Aug. 26, 2015) (emphasis added). This broad waiver precludes the arguments that Mardis makes in this case. After all, "[i]t is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *see also Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). In short, Mardis is barred from collaterally attacking his underlying sentence in his habeas petition.

That said, even if Mardis's collateral attack waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442,

447 (6th Cir. 2009). Simply put, Mardis cannot use a § 2241 petition as a way of challenging his underlying sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. That is because the trial court sentenced Mardis in 2016, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Mardis's claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his

4

"claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").[1]

Plus, in any event, Mardis has not clearly demonstrated how he is entitled to relief based on the case law cited in his petition. While Mardis relies on the Supreme Court's recent decision in *Borden*, 141 S. Ct. at 1817, that case discussed whether certain criminal offenses constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The situation here is different because Mardis conceded that he was a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines, and the trial court agreed since Mardis had multiple prior felony convictions, including two for controlled substance offenses. Thus, Mardis has not established that he is entitled to relief based on the *Borden* decision. And to the extent that Mardis relies on various federal circuit court cases, those decisions were not issued by the Supreme Court, as required to obtain relief. *See Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (emphasizing that a petitioner "must identify a *Supreme Court* decision that reinterprets the statute of conviction" and pointing out that a federal appeals court "is not the Supreme Court.").

---

[1] The Court recognizes that, in a recent decision, the United States Court of Appeals for the Sixth Circuit permitted a prisoner to challenge his sentence enhancement in a § 2241 petition, even though he was sentenced post-*Booker*, under the advisory guidelines regime. *See McCormick v. Butler*, 977 F.3d 521, 528-29 (6th Cir. 2020). However, in that case, the Sixth Circuit based its decision on the fact that the petitioner's enhanced sentence under the Armed Career Criminal Act exceeded the otherwise applicable statutory maximum sentence. *See id.* Mardis's case, however, is distinguishable because his sentence did not exceed the applicable statutory maximum sentence.

For the foregoing reasons, Mardis's petition constitutes an impermissible collateral attack on his sentence. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

Accordingly, it is **ORDERED** as follows:

1. Mardis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 28th day of December, 2021.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

6